THE PEOPLE *ex rel.* Mason *et al.*

*v.*

JAMES REDDICK *et al.*

*Opinion filed October 16, 1899.*

1. MANDAMUS—*mandamus does not lie to compel payment of a claim not ascertained to be due.* Mandamus will lie to enforce the payment of a claim by a sanitary district only when it is ascertained to be due.

2. SAME—*when mandamus will not lie to compel payment of a claim.* *Mandamus* will not lie to compel payment by a sanitary district of a claim ordered paid by its board of trustees upon the execution of a receipt in full when no offer was made to comply with the condition imposed.

*Reddick* v. *People,* 82 Ill. App. 85, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

PEDRICK & DAWSON, for appellants.

CHARLES C. GILBERT, and SEYMOUR JONES, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a petition by Horatio P. Mason, Charles E. Hogue, and others, to the circuit court of Cook county, for a writ of *mandamus* to compel James Reddick, clerk of the Sanitary District of Chicago, and the sanitary district, to pay to petitioners a sum of money alleged to be due them by virtue of an order of the board of trustees to pay the same. The object was to recover a balance of $15,000 due to petitioners on a contract for work done on the main channel of the sanitary district, the sum having been retained by the board after the completion of the work as an indemnifying fund, to await the termination of certain litigation concerning the work. Appellees de-

murred to the petition. The court overruled the demurrer, and, they having elected to stand by it, judgment was rendered for the petitioners. On appeal to the Appellate Court the judgment below was reversed and the demurrer sustained. Petitioners, appellants here, now prosecute this further appeal.

It is contended by appellants that the board ordered this $15,000 balance paid to them by their action on March 2, 1898. It appears that the committee on judiciary of the board of trustees of the sanitary district, by their report of February 2, 1898, after reciting that the $15,000 balance had been withheld by order of the board as an indemnity, that there was then no claim on file against the appellants, and that the board had received an indemnifying bond of $35,000 in place of the balance retained, recommended that the $15,000 reserved as aforesaid, in view of the financial responsibility of the firm giving the bond, be paid to appellants "when they shall have filed with the district proper receipts therefor and release in full of the district, to be prepared in the usual form in such cases." This report was on March 2 adopted by the board of trustees. The petition alleges that on March 14, following, petitioners made demand upon James Reddick, clerk of the board, for the $15,000, and offered to give to him "a proper receipt duly signed by them for said sum," but payment was refused, the receipt demanded by the clerk not being satisfactory to appellants. Appellants then drafted and forwarded to the clerk a receipt they were willing to sign, which provided that upon receiving the $15,000 they "waived and released, and do hereby waive and release, to said Sanitary District of Chicago, its successors and assigns, and forever discharge it of all liability for reserve percentage, claims or demands of whatsoever kinds or nature arising upon said contract or in any manner connected therewith or relating thereto, except for any demands we may have for interest on delayed payments thereunder; and we do

also waive and release said Sanitary District of Chicago of any and all claims or demands, of whatsoever kind or nature, arising out of or by reason of said contract for the work upon said section 8, excepting only demands on account of interest, as aforesaid." This receipt was the same in form as that demanded by the clerk, save that in this were inserted the words, "except for any demands we may have for interest on delayed payments thereunder." The board of trustees, on March 16 following, adopted a report of the engineering committee, recommending that the clerk of the board pay the $15,000 only upon the execution of a receipt in the following language: "Know all men by these presents, *. * * have waived and released * * * and forever discharged it of all liability for reserve percentage, claims or demands, of whatsoever kinds or nature, * * * except for any demands we may have for interest on delayed payments as to said $15,000," etc. The reservation here, it will be noticed, excepts only demands which appellants might have for interest on delayed payments as to the $15,000. In other words, the receipt tendered by appellants left open the question of interest as to all payments under the contract, while the appellees were willing to take a receipt excepting any demands which appellants might have for interest on the delayed payment of $15,000. Appellants refused to sign this receipt and accept the money. They then drafted and forwarded still another receipt which they were willing to sign, in the following language: "We hereby acknowledge the receipt from the Sanitary District of Chicago of the sum of fifteen thousand dollars ($15,000), being the amount directed to be paid to us by the board of trustees of said sanitary district at its meeting held March 2, 1898." Upon this receipt the clerk refused to pay the money, whereupon this proceeding was instituted.

From this state of facts, as alleged in the petition, it seems clear this action will not lie. There is a dis-

agreement between the parties as to the amount due on account of interest, the appellees claiming there was no interest due and appellants maintaining the contrary. The board provided that in the receipt the district should be released "in full." The petition does not show upon its face that the petitioners had made a demand upon the secretary of the board for the money with an offer to perform the conditions contained in the order of payment, but, on the contrary, it shows appellants refused to receive the money upon the terms prescribed by the board and were demanding certain reservations as to the payment of interest. The board was clothed with a discretion in the matter of ordering the payment of appellants' claim, and if they saw proper to make an order upon conditions which appellants were unwilling to accept, the latter's remedy was not by this proceeding. (*People ex rel.* v. *Klokke*, 92 Ill. 134; *County of St. Clair* v. *People*, 85 id. 396.) Their remedy was by action at law to recover the amount claimed, and not by *mandamus*. Appellants' right to demand interest had not been adjudicated. In this action it does not lie in the mouths of appellants to say that the secretary of the board attached an improper condition to the order which they seek to make the basis of their writ, nor that in an action at law the condition could not be enforced, otherwise the well settled rule of law that *mandamus* will not lie for the collection of debts would be rendered nugatory. In other words, *mandamus* will only lie to enforce the payment of a claim ascertained to be due. Ordinarily, this ascertainment is by way of a judgment. Doubtless where a municipality, by its legally constituted authorities, ascertains a claim to be due and unconditionally orders it paid, that order has the same effect as a judgment; but so long as the order is a conditional one *mandamus* will not aid parties to collect it, unless an offer is made to comply with the conditions imposed.

181—22

We are satisfied the judgment of the Appellate Court properly disposed of all questions before it, and that there was no error in sustaining the demurrer to the petition. That judgment will be affirmed.

*Judgment affirmed.*