THE PEOPLE *ex rel.* Alonzo E. Wilson

*v.*

ALFRED E. MOTTINGER *et al.*

*Announced orally December 7, 1904.*

1. MANDAMUS—*mandamus will not issue against persons as individuals.* A writ of *mandamus* will not issue against a person as an individual, but as against the person clothed with authority to do the thing sought to be compelled.

2. SAME—*elections—when mandamus will not issue.* The existence of a canvassing board, consisting of the county clerk and the two justices of the peace selected by him, terminates when it has performed its duties, whether well or otherwise, and *mandamus* will not issue to compel the members to re-assemble, re-organize and to act again in the particular manner claimed by the petitioner to be correct.

MOTION for leave to file petition for *mandamus.*

E. C. AKIN, for petitioner.

Mr. CHIEF JUSTICE RICKS announced the opinion of the court:

This is a motion for leave to file a petition for *mandamus,* directed to the county clerk of Will county and to two justices of the peace who, it seems, served with said clerk as canvassers of certain election returns.

The petitioner was a candidate in the district composed of DuPage and Will counties, and it is alleged in the petition that in one of the districts in Will county the returns as brought to the county clerk showed some 240 votes for the petitioner, Wilson, and that after the said returns had been brought to the clerk's office, and when the canvassing board had been called together to make the canvass, some of the judges or clerks, or at least some person present in the room, suggested that there had been an error made in the canvass of the votes of that district by the judges and clerks to the number of 50 or 51 votes, and that the certificate of the

judges to that extent was wrong. It is further alleged that such judges and clerks or persons were then and there allowed, in the presence of the canvassing board, to correct their certificate of the return of the votes. The effect of that was to change the result with reference to the petitioner and defeat his election. With those 51 votes he would have been elected and without them he is defeated. He now petitions this court to direct, by *mandamus,* the county clerk and the said two justices who acted with him as the board, to reassemble and restore the certificate to its original condition.

It may be said with reference to this motion and petition, that this canvassing board which we are asked to control by *mandamus* is not one of any permanent duration, but is a board created at the will of the county clerk, he himself composing one of its membership, and calling two justices, such as he may see fit, to constitute the other two members. When the board has performed its duties, whether well or otherwise, its official existence as a canvassing board is gone. The members of it have resumed their ordinary stations in life as individuals. They cannot any longer be said to be a canvassing board after the time that their duties have been performed. It is well recognized that a writ of *mandamus* will not issue against individuals as such, but must be against some person or persons clothed with authority to do the act sought to be compelled. These persons are no longer in authority, and on this phase of the petition the court has very great doubt of its power to issue an order to these individuals to re-assemble and re-organize and then do some act differently from what they have already done. Where some officer or some body of persons having authority refuses to do an act which it is his or its legal duty to do, *mandamus* may be resorted to to require such officer or body to act. If this canvassing board were now in existence and in session and were refusing to do its duty,—refusing to act,—the court might be asked to require it to act. But it has, in fact, acted. The petitioner says it has acted improperly. If that be true it is

not a ground for a writ of *mandamus* to make it now act properly. If the petitioner was legally elected, as he contends he was, he has still his right to contest that question before the body of which he claims to have been legally elected a member. That is guaranteed to him and provided for by statute.

We perceive no sufficient ground upon which we could assume jurisdiction in the case, and the motion will be denied.

*Motion denied.*