THE PEOPLE *ex rel.* Alva Shrout, County Collector, Appellee, *vs.* THE WABASH RAILWAY COMPANY, Appellant.

*Opinion filed June 16, 1926.*

TAXES—*when judgment of ouster against school district is not a valid objection to taxes.* The entry of a judgment of ouster in the circuit court against a community high school district prior to the levy of taxes is not a valid objection to such taxes where said judgment of ouster, prior to its being offered in evidence in the collector's proceeding, had been reversed by the Supreme Court, as the effect of the reversal was to abrogate the judgment and expunge it from the record, leaving the cause and the rights of the parties precisely as they stood prior to the judgment.

APPEAL from the County Court of Christian county; the Hon. C. J. VOGELSANG, Judge, presiding.

HOGAN & REESE, for appellant.

CARL H. PREIHS, State's Attorney, and LESLIE J. TAYLOR, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellant filed an objection in the county court of Christian county to the entry of judgment and order of sale for delinquent taxes levied against its property by Community High School District No. 307 for the year 1924. The objection filed was that "the tax for school district 307, being Morrisonville Community High School District, is void for the reason that the time the said tax was levied a judgment of ouster in *quo warranto* suit had been returned by the circuit court of Christian county." The objection was overruled and judgment entered on the application. Appellant has perfected an appeal to this court from that judgment.

The history of this district from its organization, its subsequent litigation, and the judgments of this court with

reference thereto, are fully set out in *People* v. *Simpson,*
308 Ill. 418, *People* v. *Lord,* 315 id. 603, and *People* v.
*Sloan,* 316 id. 561.

To sustain its objection appellant offered in evidence
the record of the proceedings in *People* v. *Simpson, supra,*
in the circuit and Supreme Courts, the mandate of this
court reversing the judgment of the circuit court and re-
manding the cause to that court, and the subsequent judg-
ment of ouster of that court, which is the judgment re-
viewed in *People* v. *Lord, supra.* Appellee offered in evi-
dence the mandate of this court in *People* v. *Lord, supra,*
reversing the judgment of ouster in that case and remand-
ing the cause to the circuit court. The judgment of ouster
of the circuit court in *People* v. *Lord, supra,* offered in
evidence, having been reversed by this court, it was abro-
gated and the cause stood in the circuit court precisely as
it did before the entry of the judgment of ouster. The
judgment of ouster was, in effect, expunged from the rec-
ord, and the parties to the litigation were restored to their
original rights exactly the same as if no judgment of ouster
had been entered. (*Ure* v. *Ure,* 223 Ill. 454; *Miller* v. *Do-
ran,* 245 id. 200; *People* v. *Bonham,* 286 id. 286.) It hav-
ing been reversed prior to the time it was offered in evi-
dence it had no probative force and cannot be considered
in this case.

So far as the evidence in this record shows, there is no
valid judgment of ouster against the board of education
of the district and no valid judgment declaring the district
illegally organized, and the court properly overruled appel-
lant's objection. *People* v. *Sloan, supra.*

The judgment of the county court is affirmed.

                                    *Judgment affirmed.*