**Board of Education of Paris Union School District No. 95, Edgar County, Illinois, Appellee, v. Board of Education of Non-High School District No. 158, of Edgar County, Illinois, et al., Appellants.**

**Gen. No. 8,003.**

1. SCHOOLS AND EDUCATION—*legislative authority in respect of non-high school districts.* The General Assembly has power, under Constitution, Art. VIII, to create non-high school districts and delegate to them the power to levy taxes for the maintenance thereof.

2. MANDAMUS—*right to writ to compel non-high school district directors to pay tuition for high school pupils taught in another district.* Mandamus will issue to compel non-high school district directors to pay for tuition to high school pupils from their district, whether they act, in the discharge of their duties, as a body corporate or as individuals.

3. MANDAMUS—*what admitted by demurrer to petition.* A demurrer to petition for mandamus to compel directors of a non-

high school board of education to pay tuition for their high school pupils, admits the existence of all the facts alleged necessitating the performance of that duty.

4. MANDAMUS—*demurrer to petition as precluding objection duty not definite or certain.* Where respondents demur to a petition for mandamus to compel them, as non-high school district directors, to pay for tuition furnished to high school pupils of such district by petitioner, thereby admitting the facts alleged by such petitioner showing the existence of the obligation sought to be enforced, the writ will not be denied upon the ground that such obligation is not definite or certain.

5. MANDAMUS—*demurrer to petition as precluding objection, duty involves performance of discretionary powers.* Where respondents demur to a petition for mandamus to compel them, as non-high school district directors, to pay for tuition furnished to high school pupils of such district by petitioner, they are precluded to contend that the duty which they are asked to perform involves the discretionary power to determine the amount of tuition payable, the amount payable being admitted by the demurrer.

6. PLEADING—*propriety of permitting amendment on trial changing form of action from assumpsit to mandamus.* In view of Cahill's St. ch. 110, ¶ 98, it was not error to permit plaintiff in an action of assumpsit, upon the sustaining of a demurrer to its declaration, to so amend its pleading as to convert it into a petition for a writ of mandamus.

Appeal by defendants from the Circuit Court of Edgar county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the April term, 1926. Affirmed. Opinion filed November 6, 1926.

DYAS & REDMAN, S. S. ANDERSON and WALTER LAMON, for appellants.

TROGDON & DOLE and O'HAIR, McCLAIN & BRISTOW, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

The appellee filed its suit in assumpsit in the Edgar county circuit court against appellants to the November term, 1925, to recover the sum of $2,325.20, balance due on tuition on non-high school pupils who

had attended the high school of appellee for the preceding school year.

The total amount of tuition due, as certified by appellee to the appellants was $27,963.48. Of this amount appellants paid $25,638.28, leaving the amount for which the action was brought due and unpaid.

Appellants filed a general and special demurrer to the declaration on the ground that the appellants could not be sued in assumpsit; that they were not such a corporate body as could sue or be sued. The declaration was not otherwise questioned.

Arguments were heard by the court at the November term and the court sustained the demurrer on the grounds urged. Appellee then asked and was granted leave to change its form of action to mandamus and, after the motion for such change was granted, filed its petition for mandamus to the said November term. The appellants filed their general and special demurrer to the petition for mandamus and set up as grounds for said demurrer that the appellants were not such a corporate body as could sue or be sued, and that the action would not lie to force the payment of the amount due and to compel the action sought as set forth in the petition. There were other general grounds of demurrer but these are the principal grounds urged. The court overruled the demurrer and, appellants refusing to plead further, the writ was issued.

It is contended by appellants that inasmuch as the boards of education of non-high school districts, under the statute, are authorized to levy taxes only for the purpose of paying the tuition of all eighth grade graduates attending recognized high school and to issue orders upon the county treasurer for the payment of the same, and to pay election expenses and other necessary incidental expenses, that a non-high school district is not a body corporate and does not have capacity to sue or to be sued. It is insisted that

there is no language in the statute granting such powers or authority to non-high school districts.

Article 8 of the Constitution of the State of Illinois [Cahill's St. Art. VIII, p. 21] provides that the General Assembly shall provide a thorough and efficient system of free schools whereby all children of the State may receive a good common school education. It has been held that a common school education includes such an education as may be required by attending a high school with a four-year course. (*Board of Education v. Haworth*, 274 Ill. 544.)

In *People v. Chicago & N. W. Ry. Co.*, 286 Ill. 391, it was held:

"The non-high school districts created by the act are made to include all the territory in each county not included in a township high-school district, community high-school district or a district maintaining four years of high school. Such a district is therefore a defined territory capable of definite description, and in the determination of the boundaries of such district the application of the act is uniform throughout the State. The legislature having power to form such school districts, it follows that it has power to impose the debt incident to their maintenance and to provide the means of discharging that debt, subject to the requirements of sections 1 and 6 of article 9 of the constitution, regarding uniformity and distribution of taxation.

"Section 93 creates a body styled a board of education in such non-high school districts, and while the principal purpose and function of this board is to levy a tax to pay the tuition of certain pupils, such purpose lies within the mandate of the constitution providing a system of free schools and is a valid purpose. It is likewise within the province of the legislature to delegate this power to such a board whenever there is the necessity for such a tax by reason of a debt having been created."

In *People v. Cleveland, C., C. & St. L. R. Co.,* 288 Ill. 79, it was further held: "There is no constitutional limitation placed upon the legislature with reference to the formation of school districts or as to the agencies the State shall adopt for providing for free schools. It is entirely competent for the legislature to provide for the establishment of township high schools as well as school districts, and to confer upon each of said boards the power of taxation to the extent of the legislature's will. *People v. Chicago and Illinois Midland Railway Co.,* 256 Ill. 488."

Boards of education of non-high school districts have no power to enter into contracts except as to certain election and other necessary incidental expenses, but whether they constitute a body corporate, capable of suing or being sued, we do not deem a necessary or important issue to be determined in this case. The appellants, as a board of education and as individuals constituting that board, do constitute an arm of the State for the purpose of levying a tax, drawing orders for the payment of tuitions and performing other incidental duties, and whether they act as a body corporate or in their individual capacities as a part of the school system of the State, they are equally amenable to the law and the performance of their statutory duty, and such performance may be enforced by mandamus. A judge could refuse to sign a bill of exceptions, a county recorder refuse to record a deed, or a State or county treasurer refuse to receive funds in payment of taxes, and with equal force answer a petition for mandamus by stating that they did not constitute a body corporate and, therefore, were not subject to the writ. Writs of mandamus issue not only against bodies corporate but against individuals enforcing the performance of public duties required by law.

The petition in this case charges all the facts necessitating the performance of the duty by respondents.

The demurrer of the respondents admits the facts to be true. It is a mandatory duty upon the board of education of the non-high school district to pay the tuition. *Weatherford v. School Directors of Dist. No. 7,* 317 Ill. 499. There is no merit in appellants' contention.

Appellants further contend that mandamus will not lie to establish, as well as enforce, a claim of uncertain merit, citing *People ex rel. The Attractograph Co. v. Dietrich,* 166 Ill. App. 201; *People ex rel. Northup v. County of Cook,* 274 Ill. 161, and *People ex rel. Mason v. Reddick,* 181 Ill. 334. We have examined each of the cases cited and find none of them based upon a state of facts set out in the record in this case. It is sufficient answer to this contention to state that by the pleadings in the case at bar appellee's claim is certain, fixed and specific and so admitted by appellants, and constitutes a statutory liability which it is the duty of appellants to pay. Appellants contend that under the law their duties are not purely ministerial but that they have discretionary powers in fixing and arriving at the per capita cost of maintaining appellee's high school, and that the writ of mandamus will not issue until such cost has been properly ascertained, by suit or otherwise. Appellants are not in a position to raise that question in this suit, having demurred to the petition. It could have been raised in the court below by plea and appellants could have had a jury trial upon that question. In *People v. Czaszewicz,* 295 Ill. 15, it is held: "A mandamus proceeding is an action at law and the parties to it have the right to have the issues of fact tried by a jury. But this right may be waived. Such waiver need not be expressly stated but is implied if the parties proceed with the trial before the court without objection."

Finally, it is contended by appellants that the court erred in permitting appellee to change its form of action from assumpsit to mandamus. Both are forms

of common-law actions. Under the provisions of section 39 of chapter 110 [Cahill's St. ch. 110, ¶ 39] it has been held in *Thomas v. Fame Ins. Co.*, 108 Ill. 99: "It was evidently the intention of the legislature in adopting this provision, that no amendment after the commencement of the suit and before final judgment, resulting in a change or substitution of parties to the action or in a change of the form of the action, should be deemed a change of the action itself. (*Sidway v. Marshall*, 83 Ill. 438; *Teutonia Life Ins. Co. v. Mueller*, 77 Ill. 22; *Dickson v. Chicago, Burlington and Quincy R. R. Co.*, 81 Ill. 215; *Challenor v. Niles*, 78 Ill. 78.) The only limitation upon the right thus conferred is, that amendments are to be allowed 'on such terms as are just and reasonable,' and 'to enable the plaintiff to sustain the action for the claim for which it was intended to be brought, or the defendant to make a legal defence." And the same rule is laid down in *Monahan v. Fidelity Mut. Life Ins. Co.*, 242 Ill. 488. There was no error in the ruling of the court in this respect.

We have covered all of the assignments of error as argued by appellants in their brief. The order of the court requiring appellants to give a bond for appeal was assigned as error but the point was not argued. If appellants in this case were suing, or defending, as public officers, or defending in their official capacities for the benefit of the public under section 98 of chapter 110 of the Revised Statutes [Cahill's St. ch. 110, ¶ 98], no bond should have been required. However, any expression of opinion by this court upon that question would not affect the merits of the judgment and we expressly do not pass upon that assignment of error, if proper to be assigned as error, in this form in the case.

Finding no error in the judgment of the circuit court of Edgar county the judgment is affirmed.

*Affirmed.*