JAMES H. HOOPER, Appellant, *vs.* BERNARD W. SNOW *et al.* Appellees.

*Opinion filed February 16, 1927—Rehearing denied April 7, 1927.*

1. MANDAMUS—*when petitioner shows no right to mandamus to compel issuance of a bailiff's deed.* A petition for a writ of *mandamus* to compel the issuance of a bailiff's deed to petitioner, as assignee of a certificate of sale on execution, is properly dismissed where it merely raises the question of the validity of a redemption by a judgment creditor, the petition alleging that there was no consideration for the indebtedness and that it was incurred to enable the creditor to redeem and defeat the rights of the petitioner.

2. SAME—*writ will be denied if respondent's duty must first be determined.* The writ of *mandamus* will be awarded only where the right of the petitioner is clear and undeniable and the party sought to be coerced is bound to act regardless of the writ, and, as the writ can confer upon the respondent no new authority to act, it will be denied where the right of the petitioner must first be fixed or the duty of the respondent must first be determined.

APPEAL from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

JAMES H. HOOPER, *pro se.*

LOUIS M. MANTYNBAND, for appellees.

Mr. JUSTICE DeYOUNG delivered the opinion of the court:

On May 13, 1926, James H. Hooper filed a petition for *mandamus* in the superior court of Cook county against Bernard W. Snow, bailiff of the municipal court of Chicago, and Louis M. Mantynband. It was alleged in the petition that Pete Shilinski recovered a judgment in the municipal court of Chicago against Paul, Carrie and Charles Ambrose for eight dollars and costs; that a certified copy of the judgment was filed in the office of the clerk of the circuit court of Cook county on December 4, 1924; that on the same day an execution was issued and the bailiff made a levy on certain real property, which was advertised and sold on January 7, 1925, to William C. Mitchell for $27.11 but that no redemption was made from the sale; that on February 17, 1926, Paul Ambrose executed his note for $50, with power to confess judgment, and pretended to deliver the note to Mantynband; that the petitioner is informed and believes that there was no consideration for the note but that it was given in furtherance of a conspiracy between Mantynband and Paul Ambrose to permit the former to redeem the property from the sale; that the note was dated in December, 1925, but was made on February 17, 1926; that the petitioner is informed and believes that Ambrose was not then indebted to Mantynband; that Mantynband recovered judgment upon the note for $50.35 against Paul Ambrose in the municipal court of Chicago; that Mantynband deposited with the bailiff sufficient money to redeem from the sale and a certificate of redemption was issued to him, and that the bailiff then proceeded to sell the real property under the execution issued upon the judgment in Mantynband's favor, and the latter bid $500 at the sale and a certificate of sale was issued to him.

It is further alleged in the petition that no certified copy of the judgment rendered in the case of Mantynband vs. Ambrose was ever filed with the clerk of the circuit court; that prior to the rendition of the judgment in the case of Shilinski vs. Ambrose the property in question was owned by Paul, Carrie and Charles Ambrose as tenants in common, in equal shares; that since the judgment in Mantynband's favor was recovered against Paul Ambrose alone, Mantynband could redeem only his judgment debtor's one-third interest in the property by depositing one-third of the amount for which the property was sold and no redemption could be made of the remaining two-thirds interest; that on April 8, 1926, Mitchell, for a valuable consideration, assigned his certificate of sale to the petitioner; that the latter on May 10, 1926, presented the certificate to the bailiff and demanded a deed but that the bailiff refused to comply with the demand, and that, in the alternative, the petitioner demanded a deed to an undivided two-thirds of the property, constituting the shares formerly owned by Carrie and Charles Ambrose, but that the bailiff again refused compliance with the demand. The prayer of the petition was that the redemption by Mantynband, and the sale pursuant thereto, be adjudged to be void and ineffective, or, in the alternative, that they be adjudged effective only to the extent of Paul Ambrose's interest in the property and void in respect of the remaining interests, and that a writ of *mandamus* issue commanding the bailiff of the municipal court to issue to the petitioner, upon the certificate of sale assigned to him by Mitchell, a deed either to the whole or to the undivided two-thirds of the property in question. Upon the return day of the summons the defendants filed their appearances and a motion to dismiss the petition because of its insufficiency both in form and substance. The motion was granted and the petition was dismissed. Two days later the petitioner moved to set aside the order of dis-

missal, to enter the defaults of the defendants for want of an answer, and for judgment that a writ of *mandamus* issue as prayed. The motion was denied. From the order of dismissal the petitioner prosecutes this appeal.

Appellant contends that there was no consideration for the note given by Paul Ambrose to Mantynband, and that there was, in consequence, no basis for the judgment by virtue of which the redemption was made. Ignoring the question of the sufficiency of the allegations of the petition in this respect, it was obviously not the duty of the bailiff of the municipal court to determine whether there was a consideration for the note or whether it was collusively given in order to enable Mantynband to make redemption from the sale to Mitchell. The judgment was regular upon its face, and redemption was made by the deposit of the amount for which the premises had been sold, together with interest and costs. The writ of *mandamus* will be awarded only where the right of the petitioner is clear and undeniable and the party sought to be coerced is bound to act. (*Quernheim* v. *Asselmeier*, 296 Ill. 494; *People* v. *Blair*, 292 id. 139; *People* v. *Brentano*, 259 id. 359; *People* v. *Busse*, 248 id. 11; *People* v. *Department of Public Works*, 320 id. 117.) The writ only issues to compel the respondent to act when it is his duty to do so without the writ, and it confers upon the party against whom it is issued no new authority to act. (*People* v. *Dunne*, 258 Ill. 441.) If the right of the petitioner must first be fixed or the duty of the officer sought to be coerced must first be determined, it is clear that *mandamus* is not the proper remedy.

The petition was properly dismissed, and the judgment of the superior court is affirmed.

*Judgment affirmed.*