THE WESTERN SHADE CLOTH COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(STANLEY POSEWICH, Admr., Defendant in Error.)

*Opinion filed April 20, 1927—Rehearing denied June 9, 1927.*

1. WORKMEN'S COMPENSATION—*the circuit court cannot retain jurisdiction after remanding cause.* Under the Compensation act, when the circuit court sets aside a decision of the Industrial Commission and remands the cause with directions its power in the premises is exhausted, the commission, alone, having jurisdiction of the proceedings upon the filing of the remanding order; and a portion of a remanding order reciting that jurisdiction is retained by the circuit court and directing the commission to return to the court a duly certified record of further proceedings pursuant to the remanding order is without authority of law and is surplusage.

2. SAME—*rules of practice, so far as applicable, must be followed.* While proceedings in compensation cases are *sui generis,* whenever a question of practice or procedure arises the established rules of legal procedure in courts of law, so far as the same are applicable, are to be followed.

3. SAME—*the circuit court can review proceedings only by certiorari.* Proceedings under the Compensation act are purely statutory, and the circuit court can obtain jurisdiction to review the record of the Industrial Commission only in the method prescribed by the statute, which is by writ of *certiorari* to the commission.

4. APPEALS AND ERRORS—*effect of reversal of decree or order and remandment of cause.* Where a decree or order is reversed and the cause remanded by a court of review the decree or order is abrogated and the cause stands in the court to which it is remanded precisely as it did before the entry of the decree or order, the parties being restored to their original rights as existing prior to the decree.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

THOMAS C. ANGERSTEIN, and G. A. BRUEGGER, (GEORGE W. ANGERSTEIN, of counsel,) for plaintiff in error.

WILLIAM GILLESPIE, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

September 28, 1921, Joseph Kaunasavaskas, an employee of the Western Shade Cloth Company, was injured while in the course and scope of his employment and as a result thereof died October 28, 1921. Stanley Posewich, as administrator of his estate, filed a claim with the Industrial Commission under the Workmen's Compensation act on account of the alleged dependency of the father and mother of deceased, who were residents of Lithuania. A hearing before an arbitrator resulted in the allowance of $150 for funeral expenses and the disallowance of the dependency claim, and upon review the award was confirmed by the Industrial Commission. Upon review on *certiorari* the circuit court of Cook county quashed the award of the Industrial Commission and remanded the cause to the commission for further proceedings, with directions to open the cause for the further hearing of evidence on behalf of either of the parties on the question of the dependency of the parents of deceased upon his earnings and to make a finding and award thereon in accordance with the law and the facts, and directed the commission, if no further evidence was heard, to enter an award in favor of the applicant for the minimum amount provided in paragraph (*c*) of section 7 of the Workmen's Compensation act. The remanding order was filed with the Industrial Commission, further evidence was heard, and an award was entered by the commission confirming the original award of the arbitrator. The administrator did not sue out a writ of *certiorari* from the circuit court of Cook county to review this award in accordance with the statute but filed a transcript of the proceedings of the commission in the circuit court, upon which the court, over the employer's objection, proceeded to act, set aside the award of the commission and entered an order that the employer pay to the administrator $1650 at the rate of $14 per week from November 7, 1921, less $60.66 paid the deceased employee dur-

ing his lifetime; that the sum of $1589.34 was due and that the administrator was now entitled to receive the same, and it was ordered that the award of the circuit court stand in lieu of the award of the Industrial Commission. To review the record the employer, the Western Shade Cloth Company, has by leave of this court sued out a writ of error.

Upon the filing of the transcript of the proceedings of the Industrial Commission with the circuit court the employer entered a special appearance and filed its motion to strike the transcript from the files of the circuit court for want of jurisdiction in the court, and it now assigns as error the overruling of this motion, and claims that in all the subsequent proceedings the circuit court was without jurisdiction.

When the circuit court remanded the cause to the Industrial Commission the order contained the following: "It is further ordered, adjudged and considered by the court that jurisdiction be and it is hereby retained by this court of said cause, and to review such further proceedings and the decision of said Industrial Commission as may be had and made pursuant to this order, and said Industrial Commission is further directed to return to this court a duly certified record of such further proceedings and decision had and made by it pursuant to this order, within a reasonable time."  It is upon this portion of the order that the administrator bases the right of the circuit court to review the award of the commission.  This portion of the order was without authority of law and must be regarded as mere surplusage.  The statute provides: "The court may confirm or set aside the decision of the Industrial Commission.  If the decision is set aside and the facts found in the proceedings before the commission are sufficient, the court may enter such decision as is justified by law, or may remand the cause to the Industrial Commission for further proceedings and may state the questions requiring further

hearing, and give such other instructions as may be proper."
(Smith's Stat. 1925, sec. 19, par. (*f*), clause 2, p. 1287.)

When the circuit court set aside the decision of the com-
mission and remanded the cause with directions its power
in the premises was exhausted, and when the remanding
order was filed with the commission, the commission, and
it alone, had jurisdiction of the proceedings. While the
proceedings in compensation cases are *sui generis*, when-
ever any question of practice or procedure has arisen there-
in this court has held that the established rules of legal
procedure in courts of law, so far as the same are appli-
cable, are to be followed. (*Brewerton Coal Co.* v. *Indus-
trial Com.* 324 Ill. 89.) Where a decree or order is re-
versed and the cause remanded by a court of review, the
decree or order is abrogated and the cause stands in the
court to which it is remanded precisely as it did before the
entry of the decree or order. The decree or order is, in
effect, expunged from the record and the parties to the liti-
gation are restored to their original rights exactly the same
as if no decree or order had been entered. (*People* v. *Wa-
bash Railway Co.* 322 Ill. 185; *People* v. *Bonham*, 286 id.
286; *Miller* v. *Doran*, 245 id. 200; *Ure* v. *Ure*, 223 id.
454.) By analogy, when the circuit court set aside the
award of the Industrial Commission and remanded the pro-
ceedings with directions, the original award was, in effect,
expunged from the record and the parties to the litigation
were restored to their original rights exactly the same as
if no award had theretofore been entered by the Indus-
trial Commission. When, thereafter, the Industrial Com-
mission heard evidence and entered an award it was as
much an original award of the commission as if no award
had theretofore been entered, and it had like force and
effect. Proceedings under the Workmen's Compensation
act are purely statutory, and the circuit court can obtain
jurisdiction to review the record of the Industrial Com-
mission only in the method prescribed by the statute. (*Cen-*

*tral Illinois Service Co.* v. *Industrial Com.* 293 Ill. 62; *Moweaqua Coal Co.* v. *Industrial Com.* 322 id. 403.) The only method prescribed by the statute for review by the circuit court is by writ of *certiorari* to the Industrial Commission. No writ of *certiorari* was issued from the circuit court to review the award here in question, and the circuit court should therefore have sustained the employer's motion and stricken the transcript of proceedings of the Industrial Commission from the record. The circuit court not having jurisdiction to review the award in question, its order setting aside the award of the Industrial Commission and substituting its award in lieu thereof was null and void.

The order of the circuit court is reversed.

*Order of circuit court reversed.*