**The People of the State of Illinois ex rel. Jack J. Cobine, Appellee, v. Peter Angsten et al., Appellants.**

6

Heard in this court at the

OTTO KERNER, Attorney General, for appellants; SIMON KELLERMAN and THOMAS F. SMITH, Assistant Attorneys General, of counsel.

FERDINAND TUNNELL, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

On May 9, 1933, appellee, hereinafter referred to as plaintiff, filed a petition for mandamus against the industrial commission of Illinois and the officers and members of the commission, hereinafter referred to as defendants and the Stocker Plumbing and Heating Company, hereinafter referred to as the Heating Company.

After denying a motion to dismiss the petition and overruling a separate general and special demurrer filed by the defendants and the Heating Company, the case was heard on the petition and answer of the defendants. A writ was awarded in accordance with the prayer of the petition. The Heating Company took no action after its demurrer was overruled.

Defendants perfected their appeal to the Supreme Court and that court ordered the cause transferred to this court.

The facts as alleged in the petition and admitted in the answer are that on June 18, 1929, Jack J. Cobine, an employee of the Heating Company, was injured while engaged in laying a sewer drain. An application for adjustment of claim under the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 et seq., was filed by Cobine on September 14, 1929. After a hearing of evidence, the commission held that Cobine sustained accidental injuries arising out of and in the

course of his employment but that he did not sustain any compensable disability. The cause was taken to the circuit court by certiorari and the decision of the commission was confirmed. The Supreme Court denied a petition for the writ of error.

February 11, 1931, Cobine filed a petition under paragraph (h) of section 19 of the Compensation Act, Cahill's St. ch. 48, ¶ 219, alleging that his disability had recurred and increased subsequent to his injury. The Heating Company made a motion to dismiss the petition and electing to stand on their petition introduced no evidence. The commission held that it was without jurisdiction to entertain Cobine's petition filed under paragraph (h) of section 19 and granted the motion to dismiss.

A writ of certiorari issued out of the circuit court of Madison county and that court set aside the order of the commission and awarded Cobine a lump sum settlement. A writ of error was sued out of the Supreme Court and that court after fully reviewing the facts held that the circuit court was right in holding that the commission had jurisdiction under paragraph (h) of section 19 of the act to entertain Cobine's petition but it was error for the circuit court to make an award in a lump sum. *Cobine v. Industrial Commission,* 350 Ill. 384.

A remanding order was entered, the material part of which is as follows:

"Therefore, it is considered by the Court that, for that error and others in the record and proceedings aforesaid, the judgment of the Circuit Court of Madison County in this behalf rendered, be reversed, annulled, set aside and wholly for nothing esteemed and that this cause be remanded to the Circuit Court of Madison County with directions to remand it to the Industrial Commission for further hearing and proceedings in conformity with views expressed by the Court in its opinion filed herewith."

The remanding order was duly filed and the cause redocketed in the circuit court and on January 24, 1933, that court entered an order remanding the cause to the commission. The material part of that order is as follows:

"The cause is remanded to the Industrial Commission of Illinois upon the decision of the Supreme Court for a lump sum settlement to be figured upon a permanent injury maximum award for such cases where there is no child or children. The Industrial Commission shall also make its award in its decision to be had under section 9 of the Compensation Act, as is directed in the Supreme Court's decision. And the former decision of the Industrial Commission of Illinois is hereby vacated and held for naught in the cause with directions to comply with the directions herein contained, reversing the cause and directing the Industrial Commission of Illinois to so act and comply herewith."

The remanding order of the circuit court was duly filed with the commission and the cause was by order of the commission set for hearing before commissioner Thompson. It is alleged in the petition that the plaintiff appeared before the commissioner at the time and place set for the hearing and asked for a decision awarding him compensation upon the record and order as remanded to the commission by the circuit court in compliance with the order entered by the Supreme Court but that the commissioner took the same under advisement, and later refused to comply with said remanding orders; that thereafter the petitioner received notice from the commission that it had fixed a further date of hearing at which time the cause would be reopened and further evidence heard. The answer of defendants deny that the commission or its members have refused to obey the remanding orders of the circuit court but allege that a full hearing has never been had upon Cobine's petition, filed under para-

graph (h) of section 19 of the act and that no award has been made under said petition and that they are willing to proceed with a hearing of evidence.

The prayer of plaintiff's petition in this cause is that the defendants be commanded to comply with the remanding order of the circuit court and ordered to make a decision in said cause without the taking of further evidence.

The circuit court ordered the writ of mandamus to issue commanding the commission to comply with the remanding order of that court, made pursuant to the remanding order of the Supreme Court.

The writ of mandamus is a summary writ issuing from a court of competent jurisdiction commanding the officers or body to whom it is addressed to perform some specific duty which the relator is entitled, of right, to have performed and which the party or body owing the duty has failed to perform. *Fergus v. Marks,* 321 Ill. 510; *Hooper v. Snow,* 326 Ill. 142. The writ of mandamus will be awarded only where the right of the petitioner is clear and undeniable and the party sought to be coerced is bound to act. *Quernheim v. Asselmeier,* 296 Ill. 494; *People v. Department of Public Works & Buildings,* 320 Ill. 117; *Hooper v. Snow,* 325 Ill. 53. The writ will not issue to compel the doing of an act which the person or body sought to be coerced admits on the record he is willing to do without coercion. *People v. Dulaney,* 96 Ill. 503; *People v. Dunne,* 258 Ill. 441. If the right of the petitioner must first be fixed or the duty of the officer or body sought to be coerced must first be determined, then mandamus is not the proper remedy. *Hooper v. Snow, supra.*

From the rule announced in the foregoing authorities, it is apparent that plaintiff cannot be granted the writ of mandamus, unless it is clearly shown that he has a right to have the defendants perform the specific duty which he seeks to coerce by the command of the writ. Plaintiff claims he has the right to have

an award fixed by the commission without the taking of further evidence. As far as this proceeding is concerned, such right would have to arise from the orders of reversal and remanding entered by the Supreme and Circuit Courts respectively.

When the matter came to the circuit court on certiorari that court in the exercise of the statutory powers given it under paragraph (f) of section 19 of the act could confirm or set aside the decision of the commission and if the decision was set aside and the facts in the proceeding were sufficient, the court could enter such decision as was justified by law, or it could remand the cause to the commission for further proceedings and state the questions requiring further hearing and give such instructions as may be proper.

Under this provision, the circuit court had the power to remand the cause to the commission with directions as to the matters upon which evidence should be heard but such order on review in the Supreme Court would not be binding on that court. The Supreme Court would determine the questions of law and fact according to its own judgment. *Yellow Cab Co. v. Industrial Commission*, 333 Ill. 49.

The Supreme Court in its opinion held that the commission had jurisdiction to entertain plaintiff's petition under paragraph (h) of section 19 and that the circuit court did not err in so finding but it also held that the circuit court did not have the power to fix a lump sum award. There is no discussion of the evidence taken before the commission, except in so far as it was necessary to discuss it in reference to the jurisdictional question. In passing upon the power of the lower court to make the lump sum award, there was reference to section 9 of the act as to the procedure to be followed before the commission and the jurisdiction of the commission to make a lump settlement but there is nothing in the opinion that holds that plaintiff's petition which was filed under paragraph (h)

of section 19 should proceed before the commission under section 9 of the act. The remanding order of the circuit court wherein it refers to the commission acting under section 9 of the Compensation Act was without authority from the Supreme Court.

The direction of the Supreme Court to the circuit court as expressed in the order was that the circuit court should remand to the commission for further hearing and proceedings in conformity with the views expressed in the opinion. This amounted to a general order of reversal and remanding to the circuit court and that court was bound to remand to the commission in the manner directed by the Supreme Court. All parts of the order of the circuit court which directs the commission to do certain things is more than a general order of reversal and remanding of the cause to the commission and in that regard was without authority and is to be treated as surplusage.

"Where a decree or order is reversed and the cause remanded by a court of review, the decree or order is abrogated and the cause stands in the court to which it is remanded precisely as it did before the entry of the decree or order. The decree or order is in effect expunged from the record and the parties to the litigation are restored to their original rights exactly the same as if no decree or order had been entered." *Western Shade Cloth Co. v. Industrial Commission,* 325 Ill. 570; *People v. Wabash Ry. Co.,* 322 Ill. 185.

The status of the proceeding now pending before the commission, as shown by this record, is that the commission, before it can dispose of all the questions raised on the petition, will be required to hear evidence, and this the defendants have by their answer stated they are ready and willing to do. Under the facts shown, the writ of mandamus should not have been granted.

The judgment of the circuit court is reversed.

*Judgment reversed.*