**Edgar Evans et al., Appellees, v. Ray Harper et al., Appellants.**

Opinion filed March 9, 1938.

FRED SMITH and H. A. EVANS, both of Metropolis, for appellants.

GROVER E. HOLMES, of Metropolis, for appellees.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This is an appeal from an order of the circuit court of Massac county, Illinois, awarding a writ of mandamus commanding the defendants, county commissioners of Massac county to cause warrants to be drawn on the county treasurer, properly indorsed and in favor of the plaintiffs for the several amounts found to be due them in accordance with the provisions of "An Act for the Relief of the Blind, approved May 11, 1903, as amended."

The petition of the plaintiffs alleged that they were each blind and had been duly declared to be so by the examining board, and that they each possessed all of the qualifications required by the statute. The defendants' answer denied that the income of each plaintiff was less than $465 per annum, denied that the property of each plaintiff was less than $2,500, denied that the plaintiffs met the residence requirements of the statute, and charged that each plaintiff was on charity at the time of the presentation of the claim. The answer further denied with particularity that the plaintiffs had taken the steps required to have themselves declared blind in accordance with the statute.

On June 30, 1937, the court heard the evidence and announced that it would find for the plaintiffs except Lula Campbell. Afterwards on July 17, 1937, defendants gave notice to plaintiffs' counsel that they would move to amend the answer by denying that there were ample funds in the county treasury and denying that there was $9,500 in the blind relief fund as alleged in the petition. This amendment was filed on July 26, 1937. The defendants then learned that a judgment

had been filed in the clerk's office on July 24, 1937, awarding the writ of mandamus as above set forth.

It appears that there was a stipulation to the effect that the records of the office of the county clerk show as to each of the plaintiffs that applications were made and blind relief was granted. The dates of these entries range from the year 1905 for one plaintiff to the year 1936 for the plaintiff whose application was last granted. It was further stipulated that certain charitable relief payments were made to the plaintiffs during the periods for which they claim blind relief.

The testimony was largely devoted to the value of property owned by certain of the defendants.

The defendants assert that the record does not justify the award of a writ of mandamus because the right of the plaintiffs to blind relief has not been clearly determined. We think this is decisive of the matter before us.

A writ of mandamus is an extraordinary writ. It is not a writ which issues as a matter of right. No intendment is to be indulged regarding the right to the writ of mandamus, but the one seeking it must by averment and proof, show a clear right to the writ. *People v. Dixon,* 346 Ill. 454, 461; *Hooper v. Snow,* 325 Ill. 53, 56.

An examination of the statute reveals that an applicant for blind relief must demonstrate that he has met the numerous requirements of the act. It is further apparent that the status of an individual in respect to these conditions may change. The restrictions as to residence, property, income, and receipt of relief from other sources are all subject to change. If therefore an applicant shows that he is properly certified as of the year 1905 there is no presumption that he is entitled to relief in 1935 where the commissioners deny that he is so entitled.

Section 3 of this statute in relation to adult blind persons was amended in 1935 by a provision prohibiting relief to persons having property of the value of $2,500. There was no previous restriction with respect to property owned by applicants.

The certification of eligibility for blind relief as to most of the petitioners was made long before this amendment.

Mandamus is not a proper proceeding where it is necessary first to establish a right and duty and second to command observance of the duty found to exist. *People v. Dixon,* 346 Ill. 454, on page 461; *Hooper v. Snow,* 325 Ill. 53, on page 56. In *People v. Reddick,* 181 Ill. 334, on page 337, the court uses this appropriate language with respect to mandamus: "Appellants' right to demand interest had not been adjudicated. In this action it does not lie in the mouths of appellants to say that the secretary of the board attached an improper condition to the order which they seek to make the basis of their writ, nor that in an action at law the condition could not be enforced, otherwise the well settled rule of law that mandamus will not lie for the collection of debts would be rendered nugatory. In other words, mandamus will only lie to enforce the payment of a claim ascertained to be due. Ordinarily, this ascertainment is by way of a judgment. Doubtless where a municipality by its legally constituted authorities, ascertains a claim to be due and unconditionally orders it paid, that order has the same effect as a judgment; but so long as the order is a conditional one mandamus will not aid parties to collect it, unless an offer is made to comply with the conditions imposed." The court in *People v. Getzendaner,* 137 Ill. 234, on page 262, states the rule as follows: "All such cases of disputed accounts or claims against a municipality should

be referred to the arbitrament of a jury or to the ordinary processes of courts."

We find in this record nothing to indicate that if judgment should be obtained on these claims the commissioners would fail to provide for payment in due course. The matter presents itself as a bona fide dispute as to the legitimacy of the claims where numerous factors enter into the determination.

Our view on this fundamental point makes it unnecessary to consider whether the defendants should have been permitted to present to this court evidence of a mistake concerning the funds in the treasury with which to pay the claims, or to consider the other questions presented by the record.

The judgment of the circuit court of Massac county is reversed and remanded with directions to enter judgment for the defendants.

*Reversed and remanded with directions.*