People ex rel. Joseph W. Ganschinietz, Appellant, v. George Renner, Jr., County Clerk of St. Clair County and Richard (Dick) Carter, Appellees.

Term No. 48F2.

Opinion filed April 27, 1948. Released for publication May 28, 1948.

MEYER & MEYER, of East St. Louis, for appellant.

GOLDENHERSH & GOLDENHERSH, of East St. Louis, for appellees.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

The present proceeding results from a mandamus action filed by appellant, Joseph W. Ganschinietz (hereinafter called plaintiff), one of the candidates for the office of city commissioner of the City of East St. Louis, Illinois, at an election held on April 1, 1947, as against appellee, George Renner, Jr., as county clerk of St. Clair county, Illinois.

In such mandamus writ it was sought to require the said county clerk to issue the said plaintiff a certificate of election. The complaint sets forth that the canvassing board, subsequent to the election in East St. Louis, Illinois, filed its abstract and report in the county court, showing the four successful candidates as having been elected to the office of commissioner and that said report shows that Richard (Dick) Carter (an appellee in this case) received 17,997 votes, and that plaintiff received only 17,963 votes. The complaint, among other things, refers to an agreement on the part

of the candidates for office that in the event of differences or inconsistencies in the tally sheets for said office, the differences or inconsistencies should be resolved and the number of votes for each candidate should be determined on the basis of the highest figure appearing on said tally sheets. It is contended by the plaintiff that if the canvassing board had followed such procedure plaintiff would have received 18,155 votes and Carter would have received 17,997 votes, and because the board did not follow that procedure agreed upon by the candidates that they reduced the number that plaintiff would have received to the total of 17,963. It is contended that the canvassing board then illegally and fraudulently declared Carter elected and caused an abstract and return of the city election to be entered of record and to make out a certificate of election to Carter, among others, and that since that action of the canvassing board, plaintiff had requested and demanded his certificate of election from the county clerk, but had been refused.

To that complaint a motion had been filed by Carter for leave to intervene, and the court allowed such intervention. Carter then filed a motion to dismiss the complaint for mandamus on the ground that the complaint showed on its face that the canvassing board had declared Carter elected to the office of commissioner, and that following this declaration it became the statutory duty of the defendant county clerk to issue a certificate of election to the said Carter. The court thereafter denied a motion to set aside the order allowing Carter to intervene, and also denied the motion to dismiss filed by Carter. After the complaint for mandamus had been filed by plaintiff, Carter had, likewise, filed a petition for mandamus, alleging that he had been elected to the office and in that proceeding this plaintiff had filed a petition for leave to intervene. The court consolidated the two matters for hearing, and set the cases for trial together. The defendant county clerk, in each case, simply stated he had no

knowledge or information sufficient to form a belief as to the truth of the allegation and demanded strict proof. The cause was tried before a jury and on the trial it was disclosed that the canvassing board consisted of persons who were supporters of both the plaintiff and the defendant Carter. The members of the canvassing board showed that after examining the judges, clerks, and certain witnesses who were subpoenaed, the board finally declared its results, and all the individuals, including the supporters of the plaintiff, had attended the hearing and signed the unanimous report of the canvassing board, showing that defendant Carter had received a greater number of votes than plaintiff. Plaintiff also testified in his own behalf and said he attended the hearings at the election board and stayed there through the hearings. It was disclosed by the evidence in this proceeding that the reason for the hearings held by the canvassing board was that there were discrepancies and erasures in the tally sheets and there were also discrepancies in the announced decision in some of the precincts other than the result reported to the board. At the conclusion of all the testimony the defendant Carter filed a motion for directed verdict, as was his right, being an interested party to the suit, and on the following morning the court allowed such motion, at which time the defendant Carter dismissed his own mandamus action without prejudice. It was pointed out that the county clerk still persists in his refusal to issue a certificate of election to the defendant Carter, and that plaintiff has continued in office on the theory that he was entitled to retain the office until his successor was elected and qualified.

■■ It is to be particularly noted that the present proceeding is a petition for mandamus. A petitioner for a writ of mandamus must show that his right to the writ is clear and that the party sought to be coerced is bound to act (*Hooper v. Snow*, 325 Ill. 53). If the right of the petitioner must first be fixed, or the

duty of the respondent must first be determined, mandamus will not lie.

■ The result declared by the canvassing board in compliance with ch. 46, par. 22–13, 1947 Ill. Rev. Stat. [Jones Ill. Stats. Ann. 43.990], was binding and conclusive. In that section it is specifically provided that if on opening of the various returns by the board of canvassers there should be anything indicating that a change has been made in the returns since signing the same by the judges or clerks, or if there is any fraud in any respect touching such returns, it is the duty of the canvassing board to have the tallies opened and examined, and the section likewise provides that the parties may be called to give evidence, and thereafter that it is the duty of the board to declare the result of the vote in any precinct in regard to which any question arises and that the result when so declared shall be binding and conclusive. The final authority in matters such as involved in the present proceeding rests with the board of canvassers.

■ ■ The right to political office cannot be tried in proceedings for mandamus (*People ex rel. Cummings v. Head,* 25 Ill. 287). The proper way to seek a review of the decision of the canvassing board is by an election contest, and not by mandamus (*People v. Mottinger,* 212 Ill. 530).

■ ■ The canvassing board had the duty and function of correctly tabulating the votes. There is nothing in the evidence to show that the board violated its duty in any respect. It merely determined, as was its duty under the statute, the result of the election and from those figures, tabulated the result. Any understanding as between the candidates would not be binding upon the canvassing board, nor would it be proper for the canvassing board to declare the result of the vote in any precinct in any manner which is inconsistent with the facts as found by the canvassing board. It was their duty to truly show the actual vote as originally returned.

██ ██ The causes involving both applications for mandamus were properly consolidated in the court below and no objection was raised on this point by plaintiff before the trial court. Similarly, the action of the court in allowing defendant Carter to intervene was proper, as was the action of the court in allowing plaintiff to intervene in defendant's mandamus action (*Oglesby v. Springfield Marine Bank*, 385 Ill. 414).

It is obvious from the record that plaintiff has failed to sustain his case and to show that he was entitled to the relief prayed for. The order of the circuit court dismissing the plaintiff's petition for mandamus was clearly proper. It is apparent from the record that the county clerk should issue a certificate of election to defendant Carter. The judgment of the circuit court of St. Clair county will, therefore, be affirmed.

*Judgment affirmed.*

WILLIAM M. BARDENS and A. J. SCHEINEMAN, JJ., concur.